**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 04a0019n.06
Filed: October 12, 2004

No. 03-3847

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MARY D'AGOSTINO, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | | STATES DISTRICT COURT FOR THE |
| | | NORTHERN DISTRICT OF OHIO |
| VER-A-FAST CORPORATION, | | |
| | | |
| Defendant-Appellee. | | |

Before: KENNEDY, DAUGHTREY, and COOK, Circuit Judges.

**PER CURIAM.** The plaintiff, Mary D'Agostino, filed this action against Ver-A-Fast, a firm that provides telemarketing services, after the company failed to hire her to be a "verifier." She claimed that Ver-A-Fast discriminated against her based on her disability in violation of the Americans with Disabilities Act and Ohio state law. The district court granted summary judgment for Ver-A-Fast, finding that verifiers were independent contractors, not employees, and therefore were not covered by the anti-discrimination laws.

On appeal, the plaintiff first complains that the district court misapplied the summary judgment standard required by Fed. R. Civ. P. 56(c), because the judge dismissed the action after "[w]eighing all the above factors . . . ." "Weighing," the plaintiff insists, "is impermissible in the summary judgment situation." This statement is correct, of course, but

only as far as weighing *factual matters* is concerned.  In this case, however, the factors mentioned by the district court were the *legal aspects* of the analysis necessary to determine whether the defendant's "verifiers" were employees or independent contractors. The district court decided, after applying the correct standard, that they were the latter rather than the former and, therefore, not covered by the Act.

Having had the benefit of oral argument, and having studied the briefs and the record on appeal, we are not convinced that the district court erred in dismissing the complaint against the defendant. Because the reasons why summary judgment should be granted to the defendant have been thoroughly and correctly articulated by the district court, the issuance of a detailed opinion by this court would be superfluous.  We therefore affirm the judgment of the district court based on the reasoning set out in that court's memorandum of opinion dated May 15, 2003.